# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

APRIL BAYLIS,                      :
                                             :
           Plaintiff,          :
                                             :
        v.                      :       C. A. No. 04-1462-KAJ
                                           :
RED LION GROUP, INC., a corporation of :
the State of Pennsylvania,        :
                                           :
          Defendant.         :

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF
## <u>MOTION FOR SUMMARY JUDGMENT</u>

**/s/ Norman H. Brooks, Jr.**
Norman H. Brooks, Jr., Esquire (No. 2568)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DATED: August 5, 2005

# TABLE OF CONTENTS

TABLE OF CITATIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.    NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.    Because Plaintiff has failed to establish that the fire extinguisher
              was defective or that any possible alleged defect proximately
              caused Plaintiff's injuries, there is no genuine issue of material fact
              as to whether Red Lion Group, Inc. was negligent. . . . . . . . . . . . 6

        2.    Because Plaintiff failed to establish evidence to support a finding
              that the fire extinguisher supplied by ed Lion, Inc. was defective,
              there is no genuine issue to any material fact as to Red Lion Inc.'s
              strict liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        3.    Because Plaintiff failed to prove a defect in the fire extinguisher,
              there is no genuine issue to any material fact as to whether Red
              Lion, Inc. breached the warranty of merchantability. . . . . . . . . .10

        4.    Because Plaintiff fails to offer any evidence that she or Honeywell
              relied on Red Lion's expertise to select suitable fire extinguishers,
              or any evidence that there was a particular purpose for the fire
              extinguishers exclusive to Honeywell, there is no genuine issue of
              material fact as to whether Red Lion Group, Inc. breached the
              implied warranty of fitness for a particular purpose. . . . . . . . . . 11

V.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

## TABLE OF CITATIONS

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 250 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Celotex Corp. v. Catrett,
477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ciociola v. Coca-Cola Bottling Co.,
172 A.2d 252 (Del. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DiIenno v. Libbey Glass Division, Owens-Illinois, Inc.,
668 F. Supp. 373 (D. Del. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Joseph v. Jamesway Corp.,
1997 LEXIS 264, Herlihy, J.(Del Super, July, 9, 1997) . . . . . . . . . . . . . . . . . . . . . . 6,7

Kate v. Pepsi Cola Bottling Co., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
263 A.2d 308 (Del. Super. 1970)

Martin v. Ryder Truck Rental, Inc, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
353 A.2d 581, 584 (Del.1976)

Matsushita Electric Industrial Co., v. Zenith Radio Corp.,
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Powell v. J.T. Posey Co., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
766 F.2d 131, 135 (3rd Cir. 1985)

Pulman, Inc. v. Phoenix Steel Corp., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Del. Super., 304 A.2d 334 (Del. Super. 1973)

Reybold Group, Inc. v. Chemprobe Technologies, Inc.,
721 A.2d 1267 (Del. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

Smith v. Henry S. Branscome, Inc.,
2004 U.S. Dist. LEXIS 20574, Jordan, J.(D. Del.October 8, 2004) . . . . . . . . . . . . . . . 8

DE043906.1

**<u>Other</u>**

Fed. R. Civ. P. 56 (c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6 <u>Del.C.</u> § 2A-212  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6 <u>Del.C.</u> § 2A-213  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6 <u>Del.C.</u> § 2-315  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 10

Restatement (Second) of Torts § 388  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iii

# I.  NATURE  AND  STAGE  OF  THE  PROCEEDINGS

Plaintiff's Complaint arises out of personal injuries allegedly sustained as a result of Plaintiff's operation of an unreasonably dangerous fire extinguisher on November 14, 2002. Count I of the Complaint alleges that Plaintiff's injuries were proximately caused by Defendant's negligence.   Plaintiff alleges Defendant   negligently manufactured and distributed the fire extinguisher, failed to properly inspect the fire extinguisher, failed to take reasonable steps to prevent the alleged defect, failed to warn Plaintiff of its risks and failed to properly instruct users on safe usage of the fire extinguisher.   Count II alleges that Defendant is strictly liable for Plaintiff's injuries.  Count III alleges that Defendant breached an implied warranty of merchantability.  Count IV alleges a  breach of implied warranty of fitness for particular purpose.

Plaintiff's Complaint was originally filed in the Superior Court of the State of Delaware in and for New Castle County.  Whereas diversity jurisdiction exists, Defendants removed the action to this Court on November 22, 2004.

The discovery cut-off was July 5, 2005.

The matter is scheduled for a jury trial beginning February 13, 2006.  Defendants now move this Court for Summary Judgement on all counts, pursuant to  Fed. R. Civ. P. 56, because there is no genuine issue of any material fact and Defendants are entitled to judgement as a matter of law.

## II.  SUMMARY OF ARGUMENT

1.     There is no genuine issue of material fact as to Red Lion's alleged negligence. Plaintiff offers no evidence to support her bold allegation of a defect in the manufacture of the fire extinguisher.  Defendant did not manufacture the subject fire extinguisher.

2.     There is no genuine issue of material fact as to Red Lion's strict liability.

3.     There is no genuine issue as to any material fact that Red Lion breached a warranty of merchantability because Plaintiff fails to make a *prima facie* showing that the fire extinguisher was defective. There are no disputed facts tending to show that the fire extinguisher  was not merchantable at the time it was delivered to Plaintiff's employer.

Plaintiff fails to establish any evidence that supports an essential element of her claim: That the fire extinguisher was defective.  Plaintiff may not infer negligence from the mere fact that she was injured.

4.     There is no genuine issue of material fact tending to show that Red Lion breached a warranty of fitness for a particular purpose because Plaintiff fails to make a *prima facie* showing.  Plaintiff has produced no evidence tending to support the elements required to prove the existence of such warranty.  The essential element to an implied warranty for fitness for a particular purpose claim is that the buyer relied on the seller's skill or expertise to select suitable goods.  Plaintiff offers no such evidence.  To the contrary, Plaintiff's employer informed Red Lion of the type of fire extinguishers it required.

### III. STATEMENT OF THE FACTS

On November 14, 2002, Plaintiff April Baylis took part in a "Health and Safety Day" at Honeywell International, Inc., her place of employment. (Depo. of John Peters, A17). The special day was an annual event administered in-house by Honeywell's health and safety coordinator as part of its safety program. (Depo. of John Peters, A12-A14). The program included hands-on fire extinguisher training whereby an employee could opt to extinguish a live fire using a fire extinguisher that was supplied by Defendant. (Depo. of John Peters, A15-A16).

The training consisted of two parts: class room instruction and hands-on training. Both aspects of the training were performed by Honeywell employees. (Depo. of Patrick McCarthy, A 27-29). Honeywell employees, John Peters and Jerry McCarthy, conducted the hands-on training. As part of the training, Plaintiff opted to extinguish a fire using a five-pound carbon-dioxide ($CO_2$) fire extinguisher. (Depo. of John Peters, A19-A20). While attempting to extinguish the fire, $CO_2$ gas purportedly escaped from the extinguisher onto Plaintiff's left hand.(Depo. of John Peters, A17). When this occurred, Plaintiff backed away from the fire, selected a different fire extinguisher, and extinguished the fire.

The fire extinguishers used for the live fire training were supplied by Defendant Red Lion Group, Inc. (Affidavit of Craig Ulshafer, A2). Prior to delivering of the extinguishers to Honeywell, Defendant Red Lion had re-charged, inspected and deemed the extinguishers to be safe, and in good working condition. (Affidavit of Craig Ulshafer, A2). On November 13, 2002, Defendant Red Lion delivered 21 fire extinguishers to Honeywell, including the allegedly defective one. (Affidavit of Craig Ulshafer, A2). The fire extinguishers were

transported upright in a boxed step van containing e-channel metal tracking that was bolted to the sides of the van, and were secured using ratchet strap belts. (Affidavit of Craig Ulshafer, A2). The extinguishers were delivered to the loading dock of Honeywell's receiving/storehouse building, where Red Lion relinquished custody and control of the extinguishers to Honeywell. (Affidavit of Craig Ulshafer, A2). During the night of November 13, the fire extinguishers were transported to Honeywell's store room by its employees, and stored there overnight. (Depo of Patrick McCarthy, A31-A32). On the morning of November 14, the fire extinguishers were again transported by Honeywell employees from the store room to "the boneyard," where the hands-on training was to occur. (Depo of Patrick McCarthy, A31-A32). The extinguishers were transported to the boneyard using a utility-style cart with small four-inch sides (similar to a cart found in a Home Depot or Lowes).(Depo of Patrick McCarthy, A31-A32).

The hand-on training was performed by Honeywell's HAZMAT group. (Depo. of John Peters, A13). Ordinarily, Red Lion would provide its own instructor to conduct such training. However, in this instance, Honeywell determined to provide its own instructors to conduct the training. (Depo. of John Peters, A13-A14). Therefore, no Red Lion employees attended, observed or otherwise participated in the training. From the time of delivery through the time of Plaintiff's injury, no Red Lion employee had custody or control of the subject fire extinguishers. (Depo. of John Peters, A-21).

Subsequent to Plaintiff's injury, Russell W. Davis, Honeywell's Health, Safety & Environment Specialist, placed a "Danger – Do Not Use" tag on the allegedly defective fire extinguisher. (Affidavit of Craig Ulshafer, A3). Mr. Davis placed the tag on a 5 lb. CO-2

extinguisher manufactured by Fyr-Fyter 1968 with the serial number M-231123. (Affidavit of Craig Ulshafer, A3). On November 15, 2002, the subject fire extinguishers were retrieved by Defendant Red Lion. Upon receipt of the tagged extinguisher, Red Lion thoroughly inspected it. The extinguisher was discharged, recharged and discharged again. Throughout the entire inspection process, Red Lion found no defective condition. (Affidavit of Craig Ulshafer, A3). The extinguisher performed as expected in all respects.

## IV.  ARGUMENT

### A.  Standard of Review

A court may grant a summary judgement "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56 (c). The party seeking summary judgement bears the burden of proving that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In order for the non-moving party to prevail, it must show specific facts proving that there is a genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). A summary judgement is mandatory when the non-moving party has had an adequate amount of time for discovery to establish the existence of an element essential to that party's case and where that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at  322.

### B.  Argument

**1.  Because Plaintiff has failed to establish that the fire extinguisher was defective or that any possible alleged defect proximately caused Plaintiff's injuries, there is no genuine issue of material fact as to whether Red Lion Group, Inc. was negligent.**

In order to prove a negligence claim, Plaintiff must prove that there was a defect in the manufacture of the product and that the defect proximately caused Plaintiff's injuries. Joseph v. Jamesway Corp., 1997 Lexis 264,(Herlihy, J.)(Del. Super., July, 9, 1997) (Ex. 1).

"Negligence is never presumed." Id. Plaintiff must provide specific facts in dispute that will support the elements of her claim. Id. Plaintiff must put forth some genuine issue of fact that is in dispute to prove Defendant's negligence. Id.

Plaintiff alleges that Red Lion was negligent in its manufacture of the fire extinguisher. Plaintiff has failed to offer any evidence that the fire extinguisher was defective at the time of delivery to Honeywell. Moreover, Plaintiff has failed to offer evidence that the fire extinguisher was defective at *any* time. Plaintiff offers no expert opinion that a defect existed. Plaintiff apparently relies only upon circumstantial evidence to prove her negligence claim.

In order for Plaintiff to prove negligence circumstantially, she must establish that negligence is the *only* possible inference. Ciociola v. Coca-Cola Bottling Co., 172 A.2d 252, 257 (Del. 1961). In Ciociola, a bottle of Coca-Cola, which had been delivered to Plaintiff's store only 20 hours before the incident, broke injuring a minor plaintiff. Id. The Court held that the Plaintiff did not establish that defendants' negligence was the only possible inference. Id.

Here, Plaintiff has made no attempt to establish that negligence is the *only* possible inference from the admitted facts. The fire extinguisher was delivered by Red Lion the day before the incident. (Affidavit of Craig Ulshafer, A2 ). The extinguishers were transported by Defendant upright, in a box step van containing e-channel metal tracking that was bolted to the sides. And, the extinguishers were secured using ratchet strap belts.(Affidavit of Craig Ulshafer, A2). Upon delivery, Red Lion relinquished control of the fire extinguishers to Honeywell employees. (Affidavit of Craig Ulshafer, A2). While in the custody and control

of Honeywell employees, the fire extinguishers were moved from the loading dock by unidentified Honeywell employees to a store room where they were kept all night. Moreover, the extinguishers were transported from the store room the next day to the demonstration area by way of a small utility cart. (Depo of Patrick McCarthy, A 31-A 32) There is no evidence that the extinguishers were secured in a manner that would ensure no damage. On these undisputed facts, negligence on the part of Red Lion is obviously not the only inference that can be drawn. Accordingly, Plaintiff has not put forth evidence sufficient to warrant a jury trial on the issue of negligent manufacturing.

Red Lion was not negligent in failing to warn Plaintiff of any alleged unreasonably dangerous risk involved in using the fire extinguisher. First, Plaintiff offers no evidence that an unreasonably dangerous risk existed by her use of the fire extinguisher. Assuming *arguendo*, that the fire extinguisher is deemed an unreasonably dangerous risk, Red Lion had no duty to warn if the user knew or should have known of the potential danger. <u>Smith v. Branscome, Inc.</u>, 2004 U.S. Dist. LEXIS 20574, *16-17 (Jordan, J.)(October 8, 2004).

In <u>Smith,</u> Plaintiff alleged that Defendant supplied chattel known to be dangerous for intended use. Thus, Defendant owed him a duty to warn under § 388 of the Restatement (Second) of Torts. Without deciding whether Delaware has conclusively adopted § 388 of the Restatement (Second) of Torts, the Court discussed how adoption of the section would necessitate adoption of the "sophisticated user" defense. Plaintiff was a supervisor of a paving crew and would have been deemed a sophisticated user thus negating the duty to warn required by § 388 of the Restatement (Second) of Torts. While the instant circumstances are somewhat attenuated because the end user may not be deemed

sophisticated, Red Lion supplied the fire extinguishers to Honeywell, a sophisticated user. The training and hands-on demonstration were conducted by Honeywell employees who were well versed in the use of fire extinguishers. Both instructors of the hands-on training, John Peters and Patrick McCarthy testified at deposition regarding their significant fire safety experience. Moreover, Defendant had no opportunity to harm Plaintiff as its obligations ended the previous day upon delivery of the extinguishers to Honeywell's loading dock. Because of Honeywell's acknowledged expertise in this area, Red Lion had no duty to warn of any inherent danger.

Furthermore, a plaintiff must offer facts that indicate the lack of an adequate warning which proximately caused the claimed injuries. In <u>Powell v. J.T. Posey Co.</u>, 766 F.2d 131, 135 (3rd Cir. 1985), Plaintiff nurse alleged, without supporting facts, that the manufacturer's failure to warn that its hand-tied vest could be untied proximately caused the nurse's injuries. The court ruled that Plaintiff's evidence was insufficient as a matter of law: Even assuming the product contained warnings, the injures would still have occurred. Here, any warning offered by Red Lion would not have presented Plaintiff from using the extinguisher in the manner that she did and the injuries would have likely still occurred.

Plaintiff has failed to produce any evidence to support her negligence claim. There being no facts to support Plaintiff's claim of negligence, Red Lion is entitled to judgment as a matter of law.

**2.      Because Plaintiff failed to establish evidence to support a finding that the fire extinguisher supplied by Red Lion, Inc. was defective, there is no genuine issue to any material fact as to Red Lion Inc.'s strict liability.**

DE043906.1                          -9-

While a plaintiff making a claim under the doctrine of strict liability need not prove negligence on the part of the defendant, the plaintiff must prove that the defendant offered a product in a defective condition unreasonably dangerous to the user.  <u>Martin v. Ryder Truck Rental, Inc.</u>, Del. Supr., 353 A.2d 581, 583 (Del. 1976).  Although Plaintiff is not required to put forth facts showing negligence, this does not alleviate the need to offer proof regarding the defect of the fire extinguisher.  Plaintiff fails to offer any evidence tending to show that the fire extinguisher was defective.  Without such proof, her strict liability claim must fail.  Thus, Defendant is entitled to summary judgment on the strict liability claim as a matter of law.

     **3.**      **Because Plaintiff failed to prove a defect in the fire extinguisher, there is no genuine issue to any material fact as to whether Red Lion, Inc. breached the warranty of merchantability.**

In order to prove a breach of the implied warranty of merchantability, Plaintiff must show that a merchant sold the goods, the goods were not merchantable at the time of the sale, the plaintiff was damaged, the damage was caused by the breach of the warranty of merchantability and the seller had notice of the damage. <u>Reybold Group, Inc. v. Chemprobe Technologies, Inc.</u> 721 A.2d 1267, 1269 (Del. 1998).  While <u>Reybold.</u> dealt with the sale of goods under 6 <u>Del. C.</u> § 2-314, the requirements of that statute are identical to 6 <u>Del. C.</u> § 2A-212 for leased goods.  Thus, Plaintiff must meet these same requirements for leased goods. The proof of a defect is an essential element in establishing a claim for breach of the warranty of merchantability. <u>Kates v. Pepsi Cola Bottling Co.</u>, 263 A.2d 308 (Del. Super. 1970). Plaintiff here must show that the fire extinguisher was not merchantable at the time

it was delivered to Honeywell. For the reasons stated above, Plaintiff has failed to provide any facts supporting the existence of a defect or that it was not merchantable.

In <u>Reybold</u>, 721 A.2d 1267 , the court stated that the Plaintiff could prove a claim for breach of warranty of merchantability through direct or circumstantial evidence. The court granted Defendant's Motion for Summary Judgment because Plaintiff failed to establish a *prima facie* case showing that the chemical company's product was defective. As in <u>Reybold,</u> Plaintiff here has not provided any facts that would constitute a genuine issue of material. Plaintiff merely alleges that Red Lion delivered an unmerchantable fire extinguisher to Honeywell.

**4.    Because Plaintiff fails to offer any evidence that she or Honeywell relied on Red Lion's expertise to select suitable fire extinguishers, or any evidence that there was a particular purpose for the fire extinguishers exclusive to Honeywell, there is no genuine issue of material fact as to whether Red Lion Group, Inc. breached the implied warranty of fitness for a particular purpose.**

Plaintiff's Complaint fails to produce any facts tending to support the elements that she is required to prove a breach of the implied warranty of fitness for a particular purpose pursuant to 6 <u>Del</u>. <u>C</u>. §2A -213. Under Delaware's version of the Uniform Commercial Code, a lessor will only be held liable if the lessor at the time of contracting has reason to know any particular purpose for which the goods are required and that the lessee is relying on the lessor's superior skill to select goods to fulfill that purpose. <u>DiIenno v. Libby Glass Division</u>, 668 F.Supp. 373, 376 (D. Del. 1987). Plaintiff herein has failed to meet two requisite elements. That is, Honeywell did not rely on Red Lion's expertise to select suitable extinguishers, nor was there a particular purpose for the fire extinguishers exclusive to Honeywell.

Plaintiff fails to provide any facts to support her reliance on Defendant's skill or judgment to select or furnish fire extinguishers suitable for Honeywell's Health and Safety Day demonstration and training. The crucial element as to an implied warranty of fitness is that the buyer relies on the seller's skill or judgment to select or furnish suitable goods. Plaintiff's employer, Honeywell, did not rely on Defendant to select suitable fire extinguishers. To the contrary, Plaintiff's employer demonstrated expertise in its selection of the exact size and type of fire extinguishers it wanted. Both of the instructors, John Peters and Patrick McCarthy, who handled the hands-on fire demonstration, have extensive fire safety training. At deposition, both employees testified to the extent of their significant familiarity with the various types of fires, types of extinguishers, and fire safety training. (Depo. of John Peters, A23 and Depo. of Patrick McCarthy, A25) Given their expertise in types of fires, types of fire extinguishers and fire safety, there was no need for Honeywell to rely on Red Lion to select suitable fire extinguishers, and there is no evidence of any such reliance.

The fire extinguishers were not obtained for a special purpose possessed only by Honeywell. The purpose of a fire extinguisher is to put out fires and that is exactly the use that Honeywell intended them for. Because Honeywell did not rely on Red Lion's expertise nor was there a special purpose possessed only by Honeywell, Plaintiff must fail in her claim for a warranty of fitness for a particular purpose.

## V. CONCLUSION

In considering a Motion for Summary Judgement, the Court must view the facts in a light most favorable to the non-moving party. <u>Pulman, Inc. v. Phoenix Steel Corp.,</u> Del. Super., 304 A.2d 334 (1973). Whereas, there are no genuine issues of material fact in dispute, summary judgement in favor of Red Lion Group should be granted as a matter of law.

The facts established by Plaintiff in support of her claims for negligence, strict liability, breach of implied warranty for merchantability and breach of implied warranty of fitness for a particular purpose are totally unsubstantiated and present no dispute of material fact. Because there are no facts in dispute that would warrant a trial, the Court should find Plaintiff has offered insufficient evidence to establish a *prima facie* case as a matter of law. Accordingly, the Court must grant Defendant Red Lion's Motion for Summary Judgment.

**/s/ Norman H. Brooks, Jr.**
Norman H. Brooks, Jr., Esquire (#2568)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DATED: August 5, 2005