IN THE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APRIL BAYLIS, | : |
|     Plaintiff, | : |
| v. | :    C. A. No. 04-1462-KAJ |
| RED LION GROUP, INC., a corporation of the State of Pennsylvania, | : |
|     Defendant. | : |

## PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S

## INTERROGATORIES

1.  Give the names and last known addresses of all persons who have knowledge of the allegations made in the Plaintiff's Complaint.

    **ANSWER:**

    Witness: Jerry McCarthy 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    Witness: John Peters 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    Witness: Joe Arni 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    Witness: Lori Ong 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    Witness: Bing Yu 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    First Aid: Tim Love 6100 Philadelphia Pike Claymont, DE 19703 (work address)
    First aid: Rus Davis 6100 Philadelphia Pike Claymont, DE 19703 (work address)

    Charles McClain 6100 Philadelphia Pike Claymont, DE 19703 (work address)

2.  Identify persons from whom statements have been procured in regard to the facts

ANSWER: Neither plaintiff nor plaintiff's counsel are aware of any statements made.

3. Identify any report, memorandum, or resume prepared by you or anyone acting on your behalf but not necessarily limited to ay investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings.

ANSWER: Honeywell prepared an incident report and an incident investigation report.

4. Identify all persons who have taken photographs or prepared sketches or drawings in regard to any issue in this litigation.

ANSWER: Rus Davis of Honeywell.

5. State in detail each injury, illness, complaint, or disease you claim to have suffered as a result of the accident upon which the Complaint is based and as to each injury, state the name and address of the physician or other person trained in the healing arts who treated you for that condition and the dates of each such treatment and the nature of the treatment.

ANSWER: My left hand was frozen at the time of the incident. I did have a second degree blistering burn. Since then I have been extremely disabled in that hand and

6. If you have been treated by any physician or other person trained in the healing arts since the date of the accident at any time, for any condition other than those specified in the answer to the previous interrogatory, give a specific description of such condition and, as to each condition so describe state the name and address of the doctor treating such condition.

**ANSWER:** Omega medical (Honeywell physicians) – Dr McKewon (ortho), Dr Katz (nerve specialist), Dr Thomas (general), Tom (physical therapist), Dr Glowacki (PCP who referred to Dr Sowa), Dr Sowa is main treating physician. I also saw a nerve doctor (Dr. Sowa sent for a nerve test), another physical therapist and the workers comp specialist, do not recall either name. For addresses please refer to plaintiffs answers to form 30 Interrogatories.

7. If you were admitted to a hospital for any reason since the date of the accident, identify the date of admission, the name of the hospital and the condition for which you were admitted.

**ANSWER:** Christiana – Allergic reaction (possibly fish).

8. If you are under the care of any physician, surgeon, or other person skilled in the healing arts at the present time, state the name of such person and the date of your last

9.  If you claim to be permanently disabled in any respect, describe in detail each way in which you claim to be permanently disabled and identify.

**ANSWER:** I have a permanent disability in my left hand. I have no feeling from just above the wrist on the right hand and extending down into my thumb, forefinger and middle finger. I have lost strength in that hand, cannot hold most items in that hand, suffer almost daily pain, and at times that hand cramps and freezes in position so I cannot use at all. Plaintiff reserves the right to hire an expert to identify the specific percent of permanency.

10. Describe in detail all illnesses, infirmities, diseases, or injuries which you had, or were informed that you had during the twenty years prior to the accident which is the subject of this litigation and, as to each, state the inclusive date or dates when you had such condition.

**ANSWER:** I have vertigo, but the cause is undetermined. I have a very rare liver disease (not caused from alcohol) called Primary Biliary Cirrhosis.

11. If you have ever been involved in any prior accident of any kind whatsoever including automobile accidents, falls, something falling on you, or in any other way whatsoever, in which you sustained physical injuries or damages of any kind whatsoever,

12. If you have been involved in any accident subsequent to the accident which is the subject of this litigation, describe the accident and resultant injury, if any.

**ANSWER:** Plaintiff has not been involved in an accident subsequent to this incident.

13. Identify every physician or person trained in the healing arts that you have visited for examination or treatment for any reason over the past fifteen years. Please note specifically which ones, if any, were family physicians.

**ANSWER:**

Dr Glowacki (PCP)
Dr Martini (ENT)
Dr Navarro (Liver specialist)
Dr Jain (Liver doctor)
Dr Murray (Chiropractic)
All listed above for hand injury
Dr Asgari (dentist)
Dr Darzev (in Las Vegas – PCP)
Dr Simon Ivanson (removed gall bladder – liver disease)
Liver specialist and endocrinologist in Vegas do not recall names – ruling out all possibilities
Marina Mackus – (PCP before moving to Vegas)
Dr Rudowsky – (delivered babies)
There may be more but there were numerous specialist once I got sick who were just trying to rule out all possibilities before liver disease was determined.

(a) The name and address of the employer and the name and address of the insurance company paying such benefits;

(b) The date of the accident for which the payments were made;

(c) The inclusive dates of payment;

(d) Whether such payments included any payments for **permanent disability** and if so, what such permanent disability was.

**ANSWER:** Plaintiff received medical coverage under Honeywell for the current accident. She is still receiving coverage. Coverage did not include payment for permanent disability. Zurick North America insures Honeywell. Their address is P.O. Box 66944, Chicago, IL, 60666-0944. Honeywell's address in 6100 Philadelphia Pike, Claymont, DE 19703.

15. Identify any "out-of-pocket" expenses, including but not limited to medical expenses and without regard to whether such claim was previously stated in the Complaint, by stating the dollar amount of such expenses and the name and address of the person or organization to whom it was incurred.

**ANSWER:** Plaintiff's out-of-pocket expenses included travel reimbursement for transportation to physicians, a new, lighter vacuum, and replacement dishes. Plaintiff has also paid deductibles on doctor visits. The cost of those deductibles are included in the medical bills.

itemized statement of the amount of each such expense incurred and a description of the service or goods for which such expense will be incurred.

**ANSWER:** Plaintiff may require hand surgery in the future. No cost has been listed at this time.

17. If you claim any loss of income or earning power as a result of the accident which is the subject of this litigation, either in the past, at present, or in the future, state the amount of income you claim to have lost as a result of the accident or the total dollar value of the loss of earning power you claim to have lost as a result of the accident and identify specifically whether the claim is for loss of income or for loss of earning power and describe specifically the manner in which you calculate the amounts.

**ANSWER:** No loss of income is claimed. Plaintiff reserves the right to make a claim for future lost income.

18. State the name and address of each person or organization by which you were employed within ten years before the accident, or if none, then the name and address of your last employer at any time before the accident.

**ANSWER:** Honeywell 2002- present,

Blockbuster (Bay Management LLC) 1101 F ST NW 6th floor, Washington, DC 20004, November 2004 - present

19063

Advanta National Bank 1997, no longer in business

Highes 1995-1997, 3155 Biggs Highway, Cecil County, MD

19. If you have been employed at any time since the accident which is the subject of this litigation, state the name and address of each employer, and the inclusive dates of such employment.

**ANSWER:** Honeywell 9/16/02 – present

20. Have you ever instituted a civil action in any court or have you ever been a defendant in a civil action in any court? If so, please state the name and address of the court.

**ANSWER:** Plaintiff has neither instituted a civil action or been a defendant in such.

21. If you will do so without an Order of the Court, please execute the attached Authorization for the release of medical records. If not, please state the basis for your refusal.

**ANSWER:** To be provided

Bayard Marin, Esquire
The Law Offices of Bayard Marin

Date: 9/30/05

Date: 9/30/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISRTICT OF DELAWARE

| | | |
|---|---|---|
| April Baylis, | : | |
| | : | C.A. No.:04-1462 KAJ |
| Plaintiff, | : | |
| | : | |
| v. | : | Trial by Jury Demanded |
| | : | |
| Red Lion Group Inc., a corporation of the State of Pennsylvania, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF SERVICE

I, **Bayard Marin, Esquire**, of The Law Offices of Bayard Marin, hereby certify that on the 30th of September, 2005, caused two true and correct copies of the **Plaintiff's Amended Answers to Defendant's Interrogatories** to be served by hand delivery, upon the following counsel of records:

Norman Brooks, Esquire
Marks, O'Neill, O'Brien, Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE 19801

_____
BAYARD MARIN, ESQUIRE
521 West Street
Wilmington, DE 19801
302-658-4200
Attorney for Plaintiff

Date: 9/29/05